**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MITCHELL THORNTON and LALISA THORNTON,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, and ANDREW S. VINCENT INSURANCE AGENCY,<br><br>Defendants. | ) | Case No. CIV-25-988-D |

## ORDER

Before the Court is Plaintiffs' Motion to Remand to State District Court and Brief in Support. [Doc. No. 9]. Defendant State Farm Fire and Casualty Company (State Farm) filed a response [Doc. No. 10], to which Plaintiffs filed a reply. [Doc. No. 12]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs own property located in Oklahoma County, Oklahoma, which was insured under a State Farm insurance policy. [Doc. No. 1-2, at 1]. Plaintiffs purchased the policy through Gary Griffith Insurance Agency, Inc. to provide coverage for the property. *Id.* On January 20, 2021, a third party hired by State Farm's underwriting department conducted an inspection of the property. [Doc No. 10, at 1], [Doc. No. 1-16]. After Mr. Griffith's death in 2021, the Policy was transferred to Defendant Andrew S. Vincent Insurance Agency (Defendant Vincent Agency). *Id.* at 2.

On or about June 25, 2024, the property was damaged by a storm. *Id.* At all relevant times, Plaintiffs' property was covered by the policy with State Farm. *Id.* at 1, 4-5. Following the storm, Plaintiffs filed a claim under the policy for damage to the property. *Id.* at 22. State Farm sent an adjuster to the property to inspect it. [Doc. No. 1-13]. The adjuster determined that there was damage to roof vents, eighteen shingles, rain caps, flashing, and gutters. *Id.* at 5. Plaintiffs' roofing company inspected the property and requested that State Farm conduct another inspection because "[t]he roof ha[d] significant hail damage on the front, right and back slope." [Doc. No. 1-2, at 23]. But State Farm denied Plaintiffs' request for a roof replacement, finding "there was no accidental direct physical loss to the shingles of [Plaintiffs'] roof." [Doc. No. 10-2, at 2]. The denial letter identified "wear, tear, and deterioration" as a basis for the denial. *Id.*

Plaintiffs filed this action in state court on June 25, 2025, alleging that State Farm wrongfully denied Plaintiffs' insurance claim. *Id.* at 34-41. In addition to their claims against State Farm, Plaintiffs assert claims against Defendant Vincent Agency for breach of contract, negligent procurement, constructive fraud, and negligent misrepresentation. *Id.* at 25-33.

State Farm timely removed the case to this Court on August 29, 2025. [Doc. No. 1]. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. *Id.* Although Defendant Vincent Agency is a non-diverse party, State Farm contends that Defendant Vincent Agency was fraudulently joined by Plaintiffs to defeat diversity jurisdiction.

On September 29, 2025, Plaintiffs filed the present motion to remand, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder. [Doc. No. 9].

**STANDARD OF DECISION**

Subject matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden," the party asserting fraudulent joinder must show under the "actual fraud" prong that the plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (internal quotation omitted). Under the "inability to establish a cause of action" prong, the party asserting fraudulent joinder must show that there is no possibility that the plaintiff would be able to establish a cause of action against the purportedly fraudulently joined party in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (internal

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

quotations and citation omitted); *Brazzell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (emphasis added) (citations omitted); *see also Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The Court may not, however, "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882. "The standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## PLAINTIFFS' ALLEGATIONS

When Plaintiffs were seeking to purchase insurance, Plaintiffs contacted Gary Griffith Insurance Agency Inc. to obtain full replacement cost homeowners coverage from State Farm. *Id.* at 1, 11. Plaintiffs requested that Gary Griffith obtain a replacement cost policy that would provide coverage for the insured property in the event of a loss. *Id.* In procuring the policy, Gary Griffith "independently established, calculated, and set the policy's replacement cost value and resultant policy full replacement cost coverage limits" and "conveyed that such full replacement cost coverage limit was accurate." *Id.* at 11-12.

Plaintiffs allege that prior to issuing the policy, Defendants did not conduct or procure an inspection of the property. *Id.* at 12. Plaintiffs also assert that Defendant Vincent Agency did not verify the condition of the roof; did not disclose to Plaintiffs that their property was ineligible for the requested replacement cost coverage for any reason; did not advise them that their property had any pre-existing damage that would exclude the property's roof from full replacement cost coverage; and did not disclose to them that the replacement cost value calculated for the property did not in fact represent 100% insurance to value. *Id.* at 13-14.

Plaintiffs assert that State Farm's denial of their claim is part of State Farm's systematic scheme of underpayment and denial of claims. *Id.* at 32. The scheme includes State Farm's adjusters attributing wind and/or hail damage to a non-covered loss such as "wear, tear, and deterioration." *Id.* at 20-21. State Farm utilizes agents to represent to the insured that "the property to be insured meets State Farm's underwriting requirements for the full replacement cost coverage bound" and "the replacement cost value (and resultant full replacement cost coverage limit) State Farm's agent calculated for the insured is accurate." *Id.* at 14. State Farm's agent then "fail[s] to disclose . . . material information" about State Farm's scheme to the insured that State Farm "uses a very narrow and limited definition of what constitutes hail damage that is not contained in the insured's policy." *Id.* at 15.

For their negligent procurement claim against Defendant Vincent Agency, Plaintiffs allege that Defendant Vincent Agency knowingly procured and renewed illusory full replacement cost coverage, and coverage deviating substantially and materially from that

which Plaintiffs requested. *Id.* at 31. Plaintiffs further allege that Defendant Vincent Agency represented that the policy would fully replace their roof after hail damage; failed to procure a policy that provides the promised full replacement cost for hail-damaged roofs; continued renewals and increased the dwelling limits without verifying that the dwelling or roof met State Farm's undisclosed underwriting restrictions; and represented that Plaintiff's "home will be better after a loss because you have such good coverage." *Id.* at 30-31.

## DISCUSSION

### I. Inability to State a Cause of Action—Negligent Procurement

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation and emphasis omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds . . . ." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Upon careful consideration of the record, the Court finds that State Farm has not met its heavy burden to show—with complete certainty—that Plaintiffs cannot state a negligent procurement claim against Defendants in state court.[2] *See Oliver v. State Farm*

[2] Given this determination, the Court need not address Plaintiffs' breach of contract, constructive fraud, and negligent misrepresentation claims against Defendant Vincent Agency. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that

*Fire & Cas. Co.*, No. CIV-24-789-SLP, 2025 WL 457112, at *2-3 (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agent's] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1202, 1206 (W.D. Okla. Mar. 13, 2024) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, . . . that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement,'" and that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat'").

State Farm cites to this Court's decision, *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). However, *Rain Drop* is distinguishable from this case. In *Rain Drop*, the Court found that the agent could not be liable for negligent procurement of the insurance policy.[3] *Id.* at *4. In support

a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant").

[3] In *Rain Drop*, the Court also, in part, based its denial of remand on actual fraud in the plaintiff's allegations. Specifically, the plaintiff alleged that its agent represented that damaged shingles

of its finding, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to preexisting damage; and 2) the "insurance agent had allegedly underwritten the policy and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id.* Here, Plaintiffs alleged both.

State Farm also cites to this Court's decision, *Stone v. State Farm Fire & Cas. Co.*, No. CIV-25-7, 2025 WL 3090772 (W.D. Okla. Aug. 20, 2025). However, *Stone* is distinguishable from this case. *Id.* In support of its finding, the Court determined that the plaintiff's claims against the agent were premised on three overarching allegations: 1) that the agent failed to inspect the insured property prior to issuing the policy, 2) that the agent failed to calculate the scope of coverage as requested by the plaintiff, and 3) that State Farm misattributed the damage to the roof as wear and tear. *Id.* at *3. Indeed, the Court found that contrary to the plaintiff's assertion the defendant did inspect the property. *Id.* at 6-7. Moreover, as to the plaintiff's second argument, the Court found it as either false or irrelevant, as the plaintiff admitted the contested policy provided adequate coverage. *Id.* at 7-8. Additionally, the Court found the plaintiff's third argument was unsupported by the defendant insurer's denial of coverage letter. *Id.* at 9.

---

would be replaced in conformance with the manufacturing specifications and "further explained this was true because the Policy term, 'similar construction' guaranteed replacement with identical or near identical equivalents." *Id.* at *3. However, the term "similar construction" did not appear in the plaintiff's policy, "lending credence to the possibility that there [was] no good faith basis by which to allege" that the agent had represented or explained "similar construction." *Id.*

Here, Plaintiffs make the same three overarching arguments as the plaintiffs in *Stone*. Like in *Stone*, the Court finds that Plaintiffs misrepresented that no inspection was conducted. However, unlike *Stone*, State Farm has failed to establish with complete certainty that State Farm's denial was not in reliance on pre-existing damage and the agent's negligent performance of procurement duties. In fact, unlike in *Stone*, State Farm's denial of coverage letter identifies "wear, tear, and deterioration" as a basis for its denial. [Doc. No. 10-2, at 2].

Rather, this matter is more similar to *Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025), in which the Court granted the plaintiff's motion to remand. In *Pruitt*, the Court based its determination largely on the plaintiff's assertion that the defendant insurer's denial was in reliance on pre-existing damage, the defendant agent's negligent performance of his procurement duties, and the defendant's failure to show with certainty otherwise. *Id.* at *4. Construing the issues of fact in the plaintiff's favor without pre-trying them, the Court found that the defendant insurer did not carry its heavy burden to show with complete certainty that the plaintiff could not state a negligent procurement claim against the defendant insurance agent. *Id.*

Here, Plaintiffs contend that preexisting damage was the basis for State Farm's policy denial. Further, they allege Defendant Vincent Agency was negligent in performing its procurement duties, and State Farm has not met its high burden to demonstrate otherwise. Thus, the Court finds that this case is less analogous to *Stone*, and more analogous to *Pruitt*, *Kyger*, and *Oliver*, cited above. Upon careful consideration of Plaintiffs' allegations, and construing factual issues in their favor, the Court finds State

Farm has failed to show with complete certainty that Plaintiffs cannot establish a negligent procurement claim against Defendant Vincent Agency in state court. Accordingly, State Farm has not met its "heavy burden" to establish fraudulent joinder.

**II. Actual Fraud in the Pleading of Jurisdictional Facts**

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL 3775177, at *2. In its notice of removal, State Farm contends that Plaintiffs have engaged in fraud in the pleading of jurisdictional facts. In support, State Farm primarily argues that Plaintiffs' counsel has brought an increasing number of cases against State Farm and other insurers based on identical underwriting failures, and that is indicative of fraud.

As State Farm is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025) ("[T]he Court is not persuaded that the similarity in the allegations or the number of cases filed by Plaintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as Plaintiffs note, the Petition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie cutter' petitions"); *Pruitt*, 2025 WL 1030353, at *4 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder.")

(quotation and citation omitted); *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his [c]ourt, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against State Farm and other insurers. Accordingly, the Court finds that State Farm has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

**CONCLUSION**

For the reasons stated herein, the Court finds that Defendant State Farm Fire and Casualty Company has not established fraudulent joinder, and the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand to State District Court and Brief in Support [Doc. No. 9] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorneys' fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 9th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE